[Crim. No. 5465. Second Dist., Div. Three. Dec. 22, 1955.]

THE PEOPLE, Respondent, v. CLIFFORD A. GOTTO et al., Appellants.

166

Cletus J. Hanifin for Appellants.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Clifford A. Gotto and Wayne L. La Mell were jointly charged with two offenses of robbery. They pleaded guilty in the Municipal Court of the Long Beach Judicial District to Count I. Count II was dismissed. They were certified to the superior court as having pleaded guilty and having admitted being armed; in the superior court it was found that the offense was robbery of the first degree and defendants were sentenced to state prison. They made motions for leave to withdraw their pleas of guilty, which were denied. They filed a petition for writ of error *coram nobis*, which also was denied. They appeal from the judgments.

The sole question for decision relates to rights and statutory procedure in the matter of probation. The defendants contended in the trial court and they contend here that they were without effective legal advice and were denied the right to file applications for probation. It was alleged in their petitions for vacation of the judgments that the attorney who appeared for them, H. W. Funke, was not employed by them and conferred with them for no more than one minute in the jail the day preceding the preliminary hearing and the pleas of guilty; they were not advised as to the right either of them had to apply for probation or whether either of them was eligible for probation. These allegations do not appear elsewhere in the record, and need not be considered. There is no appeal from the order denying the motion to vacate the judgments. With respect to the proceedings in open court we must be guided by the record.

The record discloses the following: In the municipal court it was stated by the deputy district attorney to Gotto that if either defendant was armed with a deadly weapon at the time of the robbery both were guilty of being armed. La Mell, when questioned, admitted that he had possession of a loaded

revolver. Gotto was not questioned whether he had a gun and there was no suggestion that he had one. Following the statement of the deputy district attorney to Gotto each defendant pleaded guilty and admitted that he was armed.

When the case was called in the superior court another deputy district attorney stated to the court that the certificate of the magistrate indicated that each defendant had pleaded guilty and that both defendants had admitted that they were armed with a deadly weapon. Nothing more was said on this subject. The only evidence in the municipal court or the superior court was that La Mell had a loaded revolver. Neither defendant was asked in either court whether Gotto had a gun. It appears from the record that at the time of sentence the judge believed that each defendant had admitted that he (himself) was armed with a revolver. The attorney general says in his brief, ''Since each of the defendants admitted, as shown by the record, that at the time of robbery each was armed with a deadly weapon, neither of the defendants are eligible for probation.'' This is the statement that was made to the trial court. If it is intended as a statement that Gotto admitted that he, personally, carried a gun and not merely that he was armed, it is not supported by the record. The attorney general says also that the court could have believed, if there was only one gun, that it was passed back and forth between the two defendants. He refers to nothing in the record, and it contains nothing, which tends to support the statement.

At the time of sentence the court inquired whether the defendants wished to apply for probation, to which Mr. Funke responded: ''No, I don't believe that is possible under armed robbery, is it?'' The court stated: ''No, it is not, but I don't know anything about the circumstances of the offense and if I sentence them now it will only mean one thing,'' whereupon Mr. Funke said, ''All right.''

The deputy district attorney, with the record of the proceedings in the municipal court before him, did not enlighten the court or the uninformed Mr. Funke as to the absence of any showing that Gotto was ineligible for probation.

It was clearly the intention of the court to permit the defendants to apply for probation, or to refer the cases to the probation officer, not because the court believed defendants were eligible for probation, but because an investigation and report by the probation officer would advise the court as to the circumstances of the offense. It is also clear to

us that had the court not been misled as to the record Gotto would have been allowed to file an application for probation.

We are thus brought to the law that was applicable to the situation. ■ Although the possession of the revolver by La Mell was legally that of Gotto, so far as the offense was concerned, the fact that La Mell had the gun would not render Gotto ineligible for probation. (*People* v. *Perkins*, 37 Cal.2d 62 [230 P.2d 353].) The record discloses that neither Gotto nor his attorney knew that possession of the gun by La Mell alone would not render Gotto ineligible for probation.

■ In cases in which a defendant is eligible for probation the court before rendering judgment must refer the matter to the probation officer whether or not an application for probation is made. ■ Even in a case in which the defendant is not eligible for probation, the court may in its discretion refer the matter to the probation officer for an investigation of facts relevant to sentence (Pen. Code, § 1203). ■ In a case in which the defendant is eligible for probation, if the court renders judgment without a reference to the probation officer, the judgment will be reversed, not for a new trial, but for the purpose of proceedings in accordance with statutory procedure. (*People* v. *Jones*, 87 Cal.App. 482, 489 [262 P. 361] ; *People* v. *Southack*, 39 Cal.2d 578, 591 [248 P.2d 12].) Reference to the probation officer in cases where the defendant is ineligible for probation is provided for in section 1203, Penal Code, and it is not an idle procedure. It furnishes a record of facts relevant to punishment, and we are satisfied that a reference would have been made of the cases of appellants had it not been for Mr. Funke's attitude, which could have been taken as indicating the defendants did not wish to have an investigation made, even though he was merely hopeless that any good could come of it.

The court made no direct determination that Gotto was ineligible for probation and was diverted by the statements of the attorneys from exercising its discretion whether the case of La Mell should be referred for investigation.

The court should have an opportunity to act in the matter, with a full understanding of the record, and with respect to either or both defendants, if found ineligible, to exercise its discretion pursuant to section 1203 concerning a reference of his case to the probation officer.

■ There was, of course, no waiver of the right to apply for probation, inasmuch as defendants were not advised and

did not know what their rights were, and could not have intended to waive rights as to which they were ignorant.

Defendants were fully advised as to their constitutional rights before they entered their pleas of guilty in the municipal court. They stated that they were entering their pleas voluntarily because they were guilty of the offenses and that no inducement whatsoever had been held out to them with respect to their pleas. Their only complaint is that they were ignorant of their right to apply for probation. They stated to the court that Mr. Funke was representing them, and so far as their pleas are concerned, there is no basis for any claim that they were deprived of the right to be represented by counsel or that they should have been allowed to withdraw their pleas.

The judgments are reversed with instructions to determine in a manner found appropriate whether both defendants, or either of them, are eligible for probation; to permit each defendant found eligible to file an application for probation; to exercise the discretion of the court with respect to reference to the probation officer for investigation the case of both defendants or either of them if found ineligible for probation; and to proceed thereafter in the matters of probation and resentencing of the defendants.

Wood (Parker), J., and Nourse (Paul), J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.