[Crim. No. 5451.   Second Dist., Div. Three.   June 8, 1956.]

THE PEOPLE, Respondent, v. WALTER HENRY SUGGS, Appellant.

William Bronsten, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant appeals from a judgment of conviction of forgery, five counts, which judgment recited, *inter alia,* that defendant admitted three prior felony convictions and that he had served a term of imprisonment for each of these previous offenses, to wit: (1) Forgery of government check, a 1941 conviction by a federal court in Missouri; (2) violation of Dyer Act, a 1944 conviction by a federal court in Missouri; (3) forgery, a 1949 conviction by the California Superior Court in Yuba County. In the instant matter, defendant was denied probation and was sentenced to state prison for the time prescribed by law, the sentences on Counts II through V to run concurrently with Count I and with each other.

Defendant does not contest the sufficiency of the evidence as to the five counts of forgery, hence it will serve no useful purpose to relate that evidence here. ■ He does, however, contend that the court erred in determining that the two prior convictions in the federal courts were, in fact, convictions for felony and in holding that he was ineligible for probation. (Pen. Code, § 1203.) He requests that the sentences be set aside, that he be permitted to enter a proper plea as to the two federal convictions, and that another hearing be held to determine his right to probation.

Defendant pleaded not guilty to the forgery counts and denied the priors as alleged in the information. The cause was submitted to the court on the transcript of the preliminary hearing with each side reserving the right to put on additional evidence. After the court had read the preliminary transcript, the deputy district attorney inquired of defendant's then counsel whether he had "seen the priors" and "handed an instrument to Mr. Broady," defendant's attorney. Mr. Broady stated to the court that defendant wished to withdraw his denial of the priors, and, upon inquiry by the court, defendant admitted each of them. Defendant's counsel then orally moved for probation, but informed the court that there was no possibility of probation. Permission to apply for probation was granted, application was made and a report was returned. At the hearing on probation and sentence, the court ordered the probation officer's report to be filed, and denied probation.

The information contained sufficient allegations of the prior convictions and sentences of defendant. Authenticated copies of the judgments were produced by the People and shown to defendant's then counsel and thereafter the former convictions were admitted. The judgments, themselves, are not contained in the record.

Defendant's present counsel, appointed by the court, has presented and offered as a part of the record on appeal authenticated copies of two judgments of the District Court of the United States, Eastern District, Eastern Division for Missouri. The purpose of the offer is to show that due to the sentences imposed the offenses were misdemeanors.

The attorney general replies that if defendant's request be deemed an application for augmentation of the record it should be denied because additional evidence may not be received on appeal in a criminal case, and for the further reason that defendant is bound by his admissions of the prior convictions of felonies. We need not pass upon the first ground of the objection since we are convinced that the second one must be sustained.

One of the federal court judgments rendered upon pleas of guilty sentenced defendant to concurrent terms of six months each. The other one sentenced him to a year and a day in an institution of "reformatory type." Since they were not placed in evidence, but only examined by counsel, it must be presumed the court was unadvised as to the sentences they imposed, and relied upon defendant's admissions. Al-

though the court considered the probation report it is fair to assume that defendant was deemed ineligible for probation because of his prior convictions. If the court was mistaken with respect to defendant's eligibility it cannot be charged with error. Defendant is bound by his admissions, made upon advice of his attorney. The court had no duty to examine the judgments, which were not offered in evidence, and no reason for ignoring defendant's admissions. ■ The admissions of a defendant of the truth of allegations of prior convictions will support a judgment that he is an habitual criminal (*In re Gilliam*, 26 Cal.2d 860, 866 [161 P.2d 793] ; *People* v. *Stone*, 69 Cal.App.2d 533 [159 P.2d 701]), and necessarily establish the truth of the facts alleged which are relevant to eligibility for probation. The attorney general resists the claim that the convictions admitted were only misdemeanors, but we have no occasion to consider this question. ■ If there was error it was invited by defendant and he may not complain of it. (*People* v. *Myers*, 1 Cal.App.2d 620, 625 [37 P.2d 191] ; *People* v. *Pettinger*, 94 Cal.App. 297 [271 P. 132] ; *People* v. *Lucas*, 78 Cal.App. 421 [248 P. 691].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.