[Crim. No. 6362.    Second Dist., Div. Three.    July 14, 1959.]

THE PEOPLE, Respondent, v. BOB BROWN, Appellant.

Harvey E. Byron, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

WOOD (Parker), J. — Defendant pleaded guilty to a charge of escape from a state prison (violation of Pen. Code, § 4531). Thereupon a probation report was ordered, and the matter was continued five days—to February 11, 1958. On said date, the defendant was sentenced to imprisonment in the state prison, probation for five years was granted, and execution of the sentence was suspended.

On May 21, 1958, in the presence of defendant and his counsel (deputy public defender), the judge said that he had made an error in law in giving defendant probation. Then the judge revoked the order granting probation and sentenced defendant to state prison for the term prescribed by law. Defendant appeals from the "judgment" rendered on May 21, 1958. He contends that the court erred as a matter of law in revoking probation. His argument is that the court was empowered under section 1203 of the Penal Code to grant probation, and since the court in the exercise of its discretion granted probation, and since there was no error in law in granting probation, and since there was no evidence that appellant had violated the terms of probation, the order revoking probation should be reversed. He argues further that probation was revoked "on an erroneous point of law." With reference to the reason for revoking probation, the reporter's transcript shows, as above stated, that the judge said he had made an error in law in granting probation. The record does not show, however, that the judge made any statement designating the error of law so referred to by him. With reference to the reason for revoking probation, appellant states in his brief that the trial judge "feeling that it was not within his power to grant defendant probation by determining the facts and exercising his discretion, revoked the probation."

Respondent asserts that appellant was not eligible for probation, and that the order revoking probation was proper.

Section 4531 of the Penal Code provides, in part: "Every prisoner committed to a State prison . . . who escapes . . . from any prison road camp . . . or other prison camp . . . while under the custody of prison officials . . . is punishable by imprisonment in a State prison for a term of not less than one year . . . ."

Section 1203 of the Penal Code (Stats. 1951, Ch. 1438, p. 3396), in effect when the escape occurred (July, 1954), provides, in part: *"Probation shall not be granted to any defendant who shall have been convicted of* robbery, burglary, *. . . escape from a state prison, . . .* and who at the time of the perpetration of said crime . . . was himself armed with a deadly weapon . . . nor to a defendant who used or attempted to use a deadly weapon upon a human being . . . nor to one who in the perpetration of the crime . . . wilfully inflicted great bodily injury or torture, nor to any defendant unless the court shall be satisfied that he has not been twice previously convicted of felony in this State nor twice previously convicted in any other place or places of public offenses which would have been felonies if committed in this State; *nor to any defendant convicted of* the crime of robbery, burglary of the first degree, *. . . escape from a state prison . . . unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed* in this State; . . ." (Italics added).

■ A brief or summary statement of the pertinent portion of said section 1203 is that probation shall not be granted to a defendant who has been convicted of escape from a state prison, unless the court shall be satisfied that the defendant has not been previously convicted of a felony.

In the present case the information alleged that the defendant did unlawfully "escape from Honor Camp #21, Chilao, while under the custody of prison officials, . . . he, the said defendant, being then and there a prisoner committed to a state prison under and by virtue of a judgment of conviction of said defendant in the Superior Court of the State of California, in and for the County of Los Angeles." On February 11, during the proceeding wherein probation was granted, the defendant's counsel said: that in 1952 the defendant was sentenced for "insufficient funds checks" from the "Pomona Court," and he was taken to Chino and had

served almost all of his sentence; that he had about "six months to go" when he walked off of a road work camp and went to New Mexico, where he got into difficulty and was sentenced to the New Mexico penitentiary; that he "did approximately 40 months all told" and was released to the custody of the California authorities in January, 1958.

█ It thus appears that the record before the trial judge showed that defendant had been previously convicted of a felony in California. The record also showed that after the defendant had escaped from prison in California he had been sentenced in New Mexico to the New Mexico penitentiary, but the record (before the trial judge herein) did not show that the offense committed in New Mexico would have been a felony if it had been committed in California. It cannot be said that by reason of the New Mexico conviction the defendant was ineligible for probation in California on the conviction of escape from state prison.

Appellant argues that the conviction for which he was under commitment to the state prison when he escaped could not be deemed a previous conviction of a felony within the meaning of said section 1203, "since a person could not be committed to a State Prison without first having been convicted of a felony"; and if such a conviction is a previous conviction within the meaning of the section, then the portion of the section with reference to being "previously convicted" is meaningless and unnecessary. It seems to be appellant's position that if the conviction for which he was in prison immediately before he escaped is a previous conviction within the meaning of the section, then a defendant who is convicted of escape from a state prison would not be eligible for probation for the reason there would always be a previous conviction of a felony, namely, the conviction for which he was in prison immediately before he escaped. Section 1203 provides that probation shall not be granted with respect to several crimes designated therein, unless the court shall be satisfied that the defendant has never been previously convicted of a felony. One of the several crimes so designated is escape from a state prison. █ It is to be assumed that the Legislature in specifying escape from state prison as one of the crimes as to which probation should not be granted considered such an obvious situation as that suggested in appellant's argument, that is, that the crime of escape from state prison would necessarily be committed after a defendant had been convicted of the felony for which he was in

prison immediately before he escaped. If the Legislature had intended that the conviction for which a defendant was in prison immediately before he escaped was not a previous conviction within the meaning of section 1203, it is to be assumed that such an exception would have been made in the section. ■ The authority of a court to grant probation and to suspend the execution of a sentence is wholly statutory, and "the statute itself furnishes the measure of the power which may thus be exercised." '(*People* v. *O'Donnell,* 37 Cal.App. 192, 197 [174 P. 102].) ■ Probation is not a matter of right, but is an act of grace and clemency. (*People* v. *Hainline,* 219 Cal. 532, 533 [28 P.2d 16].) In *People* v. *Superior Court,* 118 Cal.App.2d 700 [258 P.2d 1087], the defendant pleaded guilty to a charge of escape from a prison forestry camp. In that case the defendant, at the time of his escape, was under commitment to a state prison following a conviction of a felony. Over the objection of the People, the defendant therein was granted probation, and the People appealed from that order. The defendant therein contended that the escape from the forestry camp was not an escape from state prison as the expression "escape from state prison" is used in section 1203 of the Penal Code. It was held therein that the escape was from a state prison within the meaning of said section 1203. The question as to whether the conviction for which that defendant was under commitment when he escaped was a previous conviction within the meaning of section 1203 was not discussed therein, but the order granting probation was reversed. In the present case, the record before the trial judge revealed that the defendant had been previously convicted of a felony, that is, the issuance of checks without sufficient funds. ■ It was not a requirement that the previous conviction be alleged in the accusatory pleading. (*People* v. *Leach,* 22 Cal.App.2d 525, 527-528 [71 P.2d 594].) In the case last cited, it was said at page 527: "It is not specified [in section 1203 of the Penal Code] that probation shall be denied to those formally charged with a previous conviction or to those proved to have been previously convicted, but rather it is required that the court be satisfied that the applicant's record be clear of conviction of felonies." In the present case, the conviction for which defendant was under commitment when he escaped was a previous conviction within the meaning of said section 1203 of the Penal Code.

Appellant contends further to the effect that the court

erred in revoking probation without evidence of a violation of the terms of probation. *In re Martin,* 82 Cal.App.2d 16 [185 P.2d 645], was a habeas corpus proceeding relative to an order revoking probation. In that matter it appeared that the petitioner (Martin) had pleaded guilty to driving a vehicle while he was under the influence of intoxicating liquor, and he admitted allegations that he had been previously convicted of three felonies. Probation for two years was granted on condition that he pay a fine of $500 and serve 30 days in jail. He paid the fine and served the time. Thereafter, on petition of the probation officer, defendant was found guilty of violating the terms of probation, and he was sentenced to prison. Petitioner therein (defendant) contended that the order granting probation was invalid, and that since he had paid the fine and served the time under the probation, he was entitled to be released from custody. The court said, at page 18: ''The petitioner was ineligible to probation since it appeared he had been previously convicted . . . . The court was authorized to revoke the probation for violation of its terms or because probation was unauthorized, and to thereafter sentence the prisoner to state prison . . . .'' It was also said therein, at page 22: ''The order for probation was properly revoked, not only because the petitioner violated its specific terms, but because it was wholly void since he was not eligible to probation on account of his prior convictions of other felonies.'' ▆ In the present case, the defendant was ineligible for probation, and it was not necessary to prove a violation of the terms of probation.

The order revoking probation and the ''judgment'' from which the appeal is taken are affirmed.

Vallée, J., concurred.

Shinn, P. J., concurred in the judgment.