[Crim. No. 7864.   Second Dist., Div. Three.   Sept. 26, 1961.]

In re WILLIAM M. OXIDEAN on Habeas Corpus.

William M. Oxidean, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), Robert J. Lord, Deputy District Attorney, and Bruce A. Thompson, District Attorney (Ventura), for Respondents.

SPARKS, J. pro tem.*—Petitioner, who is imprisoned in the Ventura County jail, seeks a writ of habeas corpus "alleging the Superior Court, California, Ventura California with default in omission of duty as required by law & malicious prosecution." Specifications set forth in his petition, filed in propria persona, are: (1) that although he was eligible for probation no reference was made to the probation officer in his case prior to the pronouncement of judgment, as required by section 1203 of the Penal Code; (2) that a co-

*Assigned by Chairman of Judicial Council.

defendant with equal participation in the crimes of which petitioner was convicted was given a shorter sentence. Petitioner seeks to be recalled into court for consideration of modification of judgment.

The judgment on conviction as exemplified in the return filed herein by the attorney general, shows that petitioner, being represented by counsel, entered his pleas of guilty to violation of section 459 of the Penal Code, found by the court to be burglary in the second degree; and to violation of section 487 of the Penal Code, grand theft. He was sentenced on the first charge to one year in a county jail, the first portion of which was ordered served in the Los Angeles county jail "until such time as he has completed sentence in said jail for a prior offense, and the balance of said term to be spent in the Ventura County jail." On the grand theft count petitioner was sentenced to a term of six months in the Ventura County jail, the latter sentence to run consecutively with that of the first.

It is conceded that prior to pronouncing judgment upon petitioner, the trial court did not refer the matter to a probation officer of Ventura County for investigation and written report as required by section 1203 of the Penal Code. It is contended, however, that petitioner, in open court and while being represented by his counsel, waived the right to apply for probation or presentence report and requested pronouncement of judgment and sentence forthwith. The judgment on conviction reads: "Defendant moves the Court to withdraw his prior plea, whereupon, said motion is granted, and defendant withdraws his plea of 'not guilty' to Counts I and II, and enters his plea of 'guilty' to the offense of violation of Section 459 of the Penal Code, as charged in Count I, found to be second degree, and 'guilty' to the offense of violation of Section 487 of the Penal Code, as charged in Count II of the Information, and waiving his rights to apply for probation or a pre-sentence report, and requesting pronouncement of judgment and sentence forthwith, defendant is duly arraigned for judgment, shows no legal cause why judgment should not be pronounced against him, . . ."

In *People* v. *Gotto,* 138 Cal.App.2d 165, 168 [291 P.2d 41], Mr. Presiding Justice Shinn, speaking for the court, stated: "In cases in which a defendant is eligible for probation the court before rendering judgment must refer the matter to the probation officer *whether or not an application for probation is made.*" (Emphasis added.) In that case it was held

there was no waiver of the right to apply for probation inasmuch as the defendants were not advised and did not know what their rights were and could not have intended to waive rights as to which they were ignorant. The *Gotto* case came before this court, however, on an appeal from the judgments of conviction, which were reversed with instructions to the trial court "to determine in a manner found appropriate whether both defendants, or either of them, are eligible for probation; . . ." (P. 169.) (See also *People* v. *Wade*, 53 Cal.2d 322 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Southack*, 39 Cal.2d 578 [248 P.2d 12].)

We do not feel constrained in the present proceeding to determine whether petitioner's explicit waiver of his right to apply for probation or a presentence report was, under the circumstances, erroneously accepted by the trial court. Petitioner's remedy for such alleged error was by appeal from the judgment of conviction. (*People* v. *Overton*, 190 Cal.App.2d 369 [11 Cal.Rptr. 885]; *People* v. *Walters*, 190 Cal.App.2d 98 [11 Cal.Rptr. 597]; *People* v. *Johnson*, 140 Cal.App.2d 613 [295 P.2d 493]; *People* v. *Gotto, supra*.)

Habeas corpus is not a substitute for an appeal unless the claimed error presents some jurisdictional, constitutional or other question of extraordinary importance. (*In re Bell*, 19 Cal.2d 488 [122 P.2d 22]; *In re Seeley*, 29 Cal.2d 294 [176 P.2d 24]; *In re Trombley*, 31 Cal.2d 801 [193 P.2d 734].)

Being a collateral attack upon a judgment in a criminal case it will not issue to correct alleged procedural errors which, if committed, would not in any event deprive a defendant of some fundamental or constitutional right. (*In re Winchester*, 53 Cal.2d 528 [2 Cal.Rptr. 296, 348 P.2d 904]; *In re Martinez*, 52 Cal.2d 808 [345 P.2d 449]; *In re Lindley*, 29 Cal.2d 709 [177 P.2d 918]; *People* v. *Lempia*, 144 Cal. App.2d 393 [301 P.2d 40]; *In re Todd*, 44 Cal.App.496 [186 P. 790].)

Probation is not an absolute right to which a convicted person is entitled, but is an act of grace and clemency on the part of the court. (*In re Osslo*, 51 Cal.2d 371 [334 P.2d 1]; *In re Davis*, 37 Cal.2d 872 [236 P.2d 579]; *In re Trombley, supra*; *People* v. *Jackson*, 89 Cal.App.2d 181 [200 P.2d 204]; *People* v. *Duke*, 164 Cal.App.2d 197 [330 P.2d 239].) It has no constitutional basis, but exists by reason of the statutes creating it. (*People* v. *Miller*, 186 Cal. App.2d 34 [8 Cal.Rptr. 578]; *People* v. *Brown*, 172 Cal.App. 2d 30 [342 P.2d 410].) Even when granted probation,

a defendant may not be compelled to accept it, and may elect to refuse it. (*In re Osslo, supra.*)

In the instant case we are of the opinion that the claimed error was invited by the petitioner's request to have judgment and sentence pronounced forthwith. (*People* v. *Suggs*, 142 Cal.App.2d 142 [297 P.2d 1039].) The judgment was permitted to become final, and no judicial action thereon was sought until some eight months had expired. The same contention presented here was before the court in *People* v. *Del Campo*, 174 Cal.App.2d 217, 219 [344 P.2d 339] : "that the court in which appellant was sentenced was without jurisdiction because it had failed to refer the matter to the probation department for a report pursuant to the provisions of Penal Code, section 1203." In passing upon it the court quoted with approval the following language from *People* v. *Lempia*, 144 Cal.App.2d 393, 398 [301 P.2d 40] : "But where, as here, all the matters set forth by appellant in his petition were known to him at the time of trial and could have been raised on motion for a new trial or on appeal from the judgment, or both, he cannot now resort to a writ of habeas corpus to serve the function of an appeal." We adopt the concluding sentence of *Del Campo*, 174 Cal.App.2d 217, 221: "All rights—constitutional, statutory, or of other derivation, may be waived. Judicial chaos is the only alternative to maintaining the requirement that rights be asserted within the time and in the manner provided by established procedures fully meeting the demands of procedural due process."

The second specification of the petition for writ is completely without merit.

The writ of habeas corpus is discharged and the petitioner is remanded.

Shinn, P. J., and Ford, J., concurred.