[Crim. No. 4613.    First Dist., Div. One.    Nov. 13, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. AUGUSTINE
TEMPELIS, Defendant and Appellant.

Gerald E. Ragan, under appointment by the District Court
of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr.,
Henry B. Lasky and James Murad, Deputy Attorneys Gen-
eral, for Plaintiff and Respondent.

BRAY, J.*—Defendant appeals from a judgment of convic-
tion of violation of Penal Code section 211 (robbery, first de-
gree (§ 211a) after plea of guilty.

*Retired Presiding Justice of the District Court of Appeal sitting under
assignment by the Chairman of the Judicial Council.

## QUESTION PRESENTED.

Did the court err in not referring the case to the probation officer?[1]

## RECORD.

The information charged defendant Tempelis and a co-defendant Aguilar, with the crime of robbery (Pen. Code, § 211). A deadly weapon clause and two prior convictions were alleged against him. On arraignment defendant was represented by the public defender. Defendant pleaded guilty as charged. Thereupon, on motion of the district attorney the two priors and the deadly weapon clause were dismissed "in the interests of justice." A separate charge of violation of section 470 (forgery) was likewise dismissed. Defendant's counsel then stated, "Stipulate to First Degree." The court stated that such a stipulation could not be made but that if defendant desired it could be stipulated that the degree be determined by the court from an examination of the transcript of the preliminary hearing. Such a stipulation was made. After reading the transcript the court stated, "Based upon the information contained in the preliminary transcript the Court finds the degree to be First." Prior to making that determination the court asked if defendant had any legal cause to show why judgment should not be pronounced against him. The court then stated, "From what has been said here this morning I take it that this man is ineligible for probation?" Defense counsel answered, "I would assume so, . . ." and stated that the sentence should be pronounced that day. The court then said, "Now, you haven't answered yet, is there any legal cause why sentence should not be pronounced?" Defense counsel answered, "There is no legal cause, . . ." The district attorney pointed out that there were four or five charges pending against defendant in Alameda County which would be dropped because of the disposition being made in the instant court. Again the court asked if defendant was ready for sentence and defense counsel answered, "Yes, Your Honor. We have no legal cause."

*Failure to Refer the Matter to the Probation Officer.*

Section 1203, Penal Code, provides in pertinent part that "in every felony case in which the defendant is eligible for

---

[1] In his opening brief defendant raised other questions. However, in his closing brief defendant stated, "Appellant recognizes that there is only one point of merit in this appeal and will restrict the grounds for appeal to that point. That point is the alleged prejudicial error in the Trial Court not referring the matter to the Probation Department as required by section 1203 of the Penal Code."

probation, before any judgment is pronounced, . . . the court must immediately refer the matter to the probation officer to investigate and to report to the court, . . ." The section further provides that where a defendant is not eligible for probation, it is within the discretion of the trial court whether to refer the matter to the probation officer "for an investigation of the facts relevant to sentence."

It is the position of the prosecution that the court was not required to refer the matter to the probation officer because (1) defendant was ineligible for probation because of his prior convictions, and (2) that defendant waived his right to have the matter referred to the probation officer for a pre-sentence report. The prior convictions alleged in the information were (1) violation of section 503 of the Vehicle Code, a felony (theft of vehicle), and (2) burglary in a dwelling house, at night, alleged to be a felony in the State of Oregon.

It is not clear from the record what actuated the court in not referring the matter to the probation officer. The first mention of probation is the court's statement, "From what has been said here this morning I take it that this man is ineligible for probation?" to which defense counsel agreed. The only matters which had theretofore taken place were defendant's plea of guilty, his offer to stipulate to the degree of the robbery, the dismissal of the priors and the deadly weapon clause, and the dismissal of the forgery charge. Thereafter, defense counsel stated to the court that defendant did not have a gun in his possession. The transcript of the preliminary examination showed that it was the codefendant who possessed the gun. That fact did not make defendant ineligible for probation. (*People* v. *Perkins* (1951) 37 Cal.2d 62 [230 P.2d 353].) However, it cannot be said that the failure to refer the matter for a probation report was based upon the court erroneously considering the effect of the codefendant having a gun. The court was fully aware that defendant did not have a gun and was entitled to consider the presence of the gun only for the purpose of determining the degree of the robbery. The fact that defendant was unarmed did not make him any the less guilty of first degree robbery as the codefendant was armed. (*People* v. *Perkins, supra*, at p. 64.)

The prior convictions, if proved, would have made defendant ineligible for probation (Pen. Code, § 1203; *People* v. *Mims* (1958) 160 Cal.App.2d 589, 596 [325 P.2d 234])

even though they had been dismissed from the information. (*People* v. *Tell* (1954) 126 Cal.App.2d 208, 209 [271 P.2d 568].) However, the prior convictions were not proved either by evidence or the admission of defendant unless it can be said that defense counsel's admission that defendant was ineligible for probation constitutes such admission. In any event such action may be considered as a circumstance bearing on the defendant's acts as a waiver of his right to have the matter submitted to the probation officer either for a report as to probation or a report as to sentence.

## WAIVER.

It is clear that there was such a waiver. In addition to the last mentioned circumstance there is the fact, that not only did defendant not object to being sentenced without the matter being referred to the probation officer, but he, in effect, consented to such sentencing. On three separate occasions defendant, through his counsel, stated that he had no legal cause to present as to why he should not be then sentenced. Additionally on one occasion defendant's counsel stated that defendant wanted to be then sentenced and on another occasion that he was ready for sentence.

At the very beginning of the proceeding, the court asked if defendant desired the case to go over to another date. Thereupon defense counsel asked defendant, "Do you want to get rid of yours today?" Defendant replied, "I might as well." Then an unreported conversation took place between defendant and his counsel, and his counsel then stated that defendant wished to plead.

The record indicates that there must have been an understanding between the parties that on a plea of guilty to the robbery charge, the prior convictions, the deadly weapon charge, and the forgery charge would be dismissed, followed by a dismissal of the charges against defendant in Alameda County.

Under the circumstances and the action of defendant and his counsel, to hold that defendant had not waived reference of the matter to the probation officer would be a travesty on justice. Defendant knew whether or not the prior convictions were true, and he knew that with the charges pending against him in Oakland, his chances of getting probation were extremely remote, even assuming that he was eligible for probation. The record shows that he wanted to get his sentencing over with so that he could start serving his sentence without delay. Defendant was not deprived of any funda-

mental or constitutional right, but one which he clearly and understandingly waived.

There are three California cases which should be considered in connection with the question here presented. *People v. Gotto* (1955) 138 Cal.App.2d 165 [291 P.2d 41], is not applicable. There, because the defendant and his counsel erroneously believed and stated to the court that Gotto, who was unarmed in the robbery, was ineligible for probation because his codefendant was armed and so told the court, and because the court had mistakenly been informed that Gotto had been armed, the reviewing court held, ''There was, of course, no waiver of the right to apply for probation, inasmuch as defendants were not advised and did not know what their rights were, and could not have intended to waive rights as to which they were ignorant.'' (Pp. 168-169.)

In the case at bench from the colloquy between court and counsel in which defendant's counsel pointed out that defendant was unarmed in the robbery, it cannot be said that defendant did not know that his eligibility to probation was not affected by the gun situation. It is a reasonable inference from the record that defense counsel's statement of ineligibility was based upon the priors which he must have known whether or not defendant had suffered. Moreover, in *Gotto,* there were not, as there are here, any circumstances of waiver, other than the mistake of the defendant and his counsel. *Gotto,* at best holds that, as stated in 2 Witkin, California Crimes, section 1057, page 1001, '' [T]here can be no *implied* waiver of the right *where the defendant is not fully informed of it.*'' (Second italics ours.)

The second case is *In re Oxidean* (1961) 195 Cal.App.2d 814, 817 [16 Cal.Rptr. 193]. There, on habeas corpus, the defendant contended that although he was eligible for probation no reference to the probation officer had been made as required by section 1203, Penal Code. The circumstances of his sentencing do not appear other than that the judgment on conviction stated, in pertinent part, that the defendant pleaded guilty to two offenses ''and waiving his rights to apply for probation or a pre-sentence report, and requesting pronouncement of judgment and sentence forthwith, . . .'' (P. 816.) The reviewing court stated, ''We do not feel constrained in the present proceeding to determine whether petitioner's explicit waiver of his right to apply for probation or a presentence report was, under the circumstances, erroneously accepted by the trial court. Petitioner's remedy

for such alleged error was by appeal from the judgment of conviction. (*People* v. *Overton,* 190 Cal.App.2d 369 [11 Cal.Rptr. 885]; *People* v. *Walters,* 190 Cal.App.2d 98 [11 Cal. Rptr. 597]; *People* v. *Johnson,* 140 Cal.App.2d 613 [295 P.2d 493]; *People* v. *Gotto, supra.*)." (P. 817.)[2] The court then discussed the fact that habeas corpus did not apply to procedural errors which did not deprive a defendant of some fundamental or constitutional right, and stated, "Probation is not an absolute right to which a convicted person is entitled, but is an act of grace and clemency on the part of the court. [Citations.] It has no constitutional basis, but exists by reason of the statutes creating it. [Citations.] Even when granted probation, a defendant may not be compelled to accept it, and may elect to refuse it." (*In re Oxidean, supra,* at pp. 817-818.)

Although holding that habeas corpus was not the proper method of raising the question the court then made a statement which is directly applicable to the situation in our case. "In the instant case we are of the opinion that *the claimed error was invited by the petitioner's request to have judgment and sentence pronounced forthwith.* [Citation.]" (P. 818; italics added.)

The third case is *People* v. *Magee* (1963) 217 Cal.App.2d 443 [31 Cal.Rptr. 658]. The situation there is described in the reviewing court's opinion pages 475-476: "Although defendant Magee in effect requested sentence without waiting for a probation report, he now contends the court erred in sentencing him without such a report. At the time of sentencing, the court stated that it had been informed by the probation officer that each of the defendants on advice of counsel had refused to discuss his case with the probation officer and consequently no report had been prepared. The court was of considerable doubt after reading section 1203, Penal Code, as to whether any defendant would be eligible for probation. The court stated that he did not want it claimed

---

[2]Interestingly, both *Overton* and *Walters, supra,* dealt with situations in which the particular cause had been submitted to the probation officer for report and in which no question was raised as to procedure, but merely to the court's denial of probation. In *Johnson, supra,* the trial court refused to refer the cause to the probation officer, believing that the defendant was not eligible for probation because he was armed with a knife at the time of the murder. The reviewing court held that "A knife is not inherently a dangerous or deadly weapon as a matter of law . . ." (p. 616) and hence the court erred in holding that as a matter of law the defendant was not eligible for probation no question of waiver was involved.

that the defendants were eligible for probation and that the matter had not been considered by the court, that section 1203 was not a model of clarity and that it was up to counsel as to whether sentence should be made now or a report should be awaited. Magee's counsel stated that it would take at least three weeks for a report and that 'we are willing that judgment be pronounced today.' The counsel for the other three defendants agreed also.'' The court then held, ''This action constituted a withdrawal of the application for probation and a waiver of the requirement that a probation report be had before sentence. Under the circumstances there was no error in the court's proceeeding to sentence without a probation report.'' (P. 476.) Although, perhaps, the acts of waiver in *Magee* were stronger than in the instant case, there is no good reason why the principle applied there should not be applied here.

In *People* v. *Suggs* (1956) 142 Cal.App.2d 142 [297 P.2d 1039], the defendant admitted conviction of two priors charged as felonies. Probation was denied apparently because of these priors. On appeal, the defendant offered authenticated copies of these judgments of conviction to show that they related to misdemeanors and not to felonies. The reviewing court refused to consider them stating that defendant was bound by his admissions and that ''If there was error it was invited by defendant and he may not complain of it.'' (P. 145.)

Judgment affirmed.

Sullivan, P. J., and Molinari, J., concurred.