[Crim. No. 15149. First Dist., Div. One. Nov. 16, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT WESTOBY III, Defendant and Appellant.

■■■■■■
■■■■■■

■■■■■■

**COUNSEL**

Mervin Cherrin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Linda Ludlow, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—A jury found defendant Westoby guilty of violating Penal Code section 12303.2, in that he did "recklessly or maliciously have in his possession a destructive device and explosive on a public street and highway, and near a private habitation, and in a public place ordinarily passed by human beings." The jury had found him not guilty of the lesser and included offense proscribed by *Health and Safety Code* section 12305 under which it was charged that he "did unlawfully and knowingly possess an explosive."

I. Westoby first contends that the judgment must be reversed, and a new trial granted, "because there was insufficient evidence from which to conclude that defendant possessed a destructive device *in a reckless or malicious manner.*" (Italics added.)

Substantial evidence (see *People v. Redmond,* 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321]) was admitted at the trial from which the jury could reasonably have found the following to be true. Westoby had fashioned, and possessed under the charged circumstances, a pipe bomb

■■■■■■

complete with explosive contents, timer switch, batteries, and wires connected with an inside flashcube. With the wires in place a closing of the timer switch would have caused the device to explode.

Westoby's contention is based upon evidence that when the device was found, it was "believed that one of the battery wires was disconnected," and that the timer had not been set; thus making it "readily apparent that the device . . . was inoperative and inert," since it "could not have been exploded without reconnecting the loose battery wire and setting the timer."

The contention is patently without validity. A similar contention was found to be without merit in *People* v. *Heideman,* 58 Cal.App.3d 321 [130 Cal.Rptr. 349]. One need not possess a destructive device already set to explode in order to violate Penal Code section 12303.2. The jury could reasonably have determined that Westoby's possession was either reckless *or* malicious.

II. It is next urged that the court erred in not instructing the jury, *sua sponte,* on an additional lesser and included offense.

There appear to be two lesser offenses necessarily included within the offense of *recklessly or maliciously* having in one's possession a *destructive device and explosive,* of which Westoby was convicted.

One is the offense *here mentioned for the first time,* that proscribed by Penal Code section 12303, which provides that: "Any person . . . who . . . possesses any destructive device . . . shall be punished by imprisonment . . . ." This offense is distinguishable from section 12303.2, in that the requirement that the possession be "reckless or malicious" is absent.

The other lesser and included offense is that of which the jury found Westoby not guilty. It is proscribed, as noted, by *Health and Safety Code* section 12305, which states: "Every person not in the lawful possession of an explosive who knowingly has any explosive in his possession is guilty of a felony." In this offense also, the requirement of recklessness or maliciousness is missing.

It will be seen that one who recklessly or maliciously possesses a destructive device (Pen. Code, § 12303.2) necessarily possesses the explosive contained therein, for without it there could be no destructive device.

The jury, permitted to find that Westoby possessed a destructive device with its explosive, but without recklessness or maliciousness (Health & Saf. Code, § 12305), did not do so. Instead they found that he had possessed the destructive device with its explosive contents, recklessly or maliciously (Pen. Code, § 12303.2).

Westoby's instant contention that the trial court should, *sua sponte*, have instructed the jury on the included offense of Penal Code section 12303, is valid. ■ There is an obligation to instruct *sua sponte* on all lesser and necessarily included offenses "when the evidence raises a question as to whether all of the elements of the [greater] charged offense were present . . . ." (*People* v. *Sedeno,* 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913].) ■ Here the prosecutor in charging, and the trial court by instructing on, the Health and Safety Code section 12305 offense, obviously concluded that the evidence would support a finding that Westoby had not acted recklessly or maliciously.

But the jury by their verdict necessarily concluded, on substantial evidence, that Westoby had in fact acted recklessly or maliciously. In a not dissimilar context, the court in *People* v. *Sedeno, supra,* 10 Cal.3d 703, 721, stated: "[I]n some circumstances it is possible to determine that although an instruction on a lesser included offense was erroneously omitted, the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury." In the instant case, it must reasonably be said that any evidence or inference "that would support a finding that only the lesser offense was committed [had] been rejected by the jury." We accordingly find the rationale of *People* v. *Sedeno, supra,* applicable to Westoby's instant contention.

III. ■ The stated charge against Westoby, of which he was found guilty, was that he had violated "Penal Code Sec. 12303.2 (possession of destructive device—pipe bomb)," in that he "did recklessly or maliciously have in his possession a destructive device and explosive on a public street and highway, and near a private habitation, and in a public place ordinarily passed by human beings." The jury's verdict recited that he was found guilty of "a violation of California Penal Code Section 12303.2, possession of destructive device-pipe bomb."

The verdict was not "uncertain," as insisted by Westoby. " 'The form of the verdict is regarded as immaterial so long as the jury's intention to convict of the crime charged under the allegations of the information is unmistakably expressed.' " (*People* v. *Savala,* 2 Cal.App.3d 415, 419 [82 Cal.Rptr. 647] [disapproved on other grounds, *People* v. *Beagle,* 6 Cal.3d 441, 452 (99 Cal.Rptr. 313, 492 P.2d 1)].) ■ "[W]hen the judgment record, by reference to the indictment, information or complaint, to which reference is specifically made, sufficiently shows the offense of which a defendant has been convicted, and for which he is sentenced, the reference to or description of the offense is sufficient, and . . . the defendant is not prejudiced by inaccurate statements with relation thereto, and the judgment is not void on that account." (*People* v. *Becker,* 80 Cal.App.2d 691, 695 [181 P.2d 958].) The jury's intent to convict Westoby of the greater Penal Code section 12303.2 offense is manifest.

■ It was not necessary, at least in the context of this case, that the jury be required to agree alternatively on whether the thing possessed was a destructive device *or* an explosive, and on whether Westoby acted recklessly *or* maliciously. In such a situation "it is not necessary that all jurors agree on one or more of several theories proposed by the prosecution; it is sufficient that each juror is convinced beyond a reasonable doubt that the defendant is guilty of [the offense as] defined by the statute." (*People* v. *Milan,* 9 Cal.3d 185, 195 [107 Cal.Rptr. 68, 507 P.2d 956].) "There is no merit to the argument that the jury should have been instructed to agree unanimously about defendant's mens rea before finding him guilty. In the context of the offense charged, a person who possesses an explosive either maliciously or recklessly is equally culpable because in either case he creates an unacceptably high risk of harm to the community." (*People* v. *Heideman, supra,* 58 Cal.App.3d 321, 333.)

IV. ■ It is next urged by Westoby that the court erred in allowing the introduction of the "police experiments."

Upon being found, the subject pipe bomb was opened and examined by one who thereafter was a witness at the trial. When the police were later notified, some of its parts and ingredients had been thrown away. One of the parts, according to the witness, was the flashcube which could not be found. A police officer thereafter conducted tests with different types of flashcubes and found that one type would ignite, or blow up, a device such as that in issue. He also reconstructed the device from other of its parts and ingredients which were found and from the witness'

description, and was able to "blow up" the device. He testified concerning these experiments, over Westoby's objection, at the trial.

It is argued that the information upon which the experiments were made was unreliable, and that "the conditions of the experiment were [not] substantially similar to those which gave rise to the issue on which the evidence [was] offered."

The trial court had broad discretion in determining whether to admit or exclude experimental evidence. (*People* v. *Roberts,* 40 Cal.2d 483, 491 [254 P.2d 501]; *People* v. *Ely,* 203 Cal. 628, 633 [265 P. 818]; Witkin, Cal. Evidence (2d ed. 1966) § 648, pp. 609-610.) We observe no abuse of discretion. And we note that such shortcomings as are now complained about were apparent to the jury, which presumably considered them in weighing the experiments' probative value.

V. ■ Westoby next argues that Penal Code section 12311, prohibiting a grant of probation to persons convicted of violating Penal Code section 12303.2, constitutes cruel and unusual punishment.

This contention also, is invalid. We opine that the statutory denial of probation is reasonable in relation to the magnitude of the offense. Even if "reasonable men differ as to whether the punishment here is proportionate to the crime we must defer to the Legislature, for it has the 'broadest discretion possible . . . in specifying punishment for crime.' " (*In re Foss,* 10 Cal.3d 910, 937 [112 Cal.Rptr. 649, 519 P.2d 1073].) And we note that: "[C]ourts have no inherent power to grant probation" (*People* v. *Clay,* 18 Cal.App.3d 964, 969 [96 Cal.Rptr. 213]); the power is wholly statutory (*People* v. *Brown,* 172 Cal.App.2d 30, 34 [342 P.2d 410]; *People* v. *O'Donnell,* 37 Cal.App. 192, 197 [174 P. 102]). " 'Clothed with the power to prescribe penalties for violations of criminal statutes, it necessarily follows that the legislative branch of the government has the power to declare that in certain of these cases, probation may not be granted.' " (*Bennett* v. *Superior Court,* 131 Cal.App.2d 841, 845 [281 P.2d 285]; *People* v. *Hess,* 104 Cal.App.2d 642, 685 [234 P.2d 65].)

VI. Nor is merit seen in the contention that the penalty provisions of Penal Code section 12303.2 deny Westoby equal protection of the law. The point is unsupported by authority.

VII. We do not find, as is lastly contended by Westoby, that inadequacy of his trial representation reduced the "trial to 'a farce and a sham.' " The complaint is of a failure to make certain motions and objections which in our opinion would have been without merit and denied. Westoby's trial representation was well within the standards of *People* v. *Ibarra,* 60 Cal.2d 460, 464-466 [34 Cal.Rptr. 863, 386 P.2d 487], and *People* v. *Jenkins,* 13 Cal.3d 749, 754-755 [119 Cal.Rptr. 705, 532 P.2d 857] (cert. den., 423 U.S. 860 [46 L.Ed.2d 88, 96 S.Ct. 115]).

For the reasons stated in our opinion, the judgment is affirmed. The appeal, insofar as it purports to be from an order denying a new trial, is dismissed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1977.