## HOFFMAN v. UNITED STATES.*
### No. 8228.

Circuit Court of Appeals, Ninth Circuit.
Jan. 13, 1937.

James B. O'Connor, of San Francisco, Cal., for appellant.

*Rehearing denied Feb. 23, 1937.

H. H. McPike, U. S. Atty., and W. E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

To reverse judgment on conviction by the court on waiver of trial by a jury the appellant appeals.

The indictment is in two counts, charging violation of the so-called Mann Act, 18 U.S.C.A. § 397 et seq. Count 1 was dismissed for want of evidence by the court. Count 2 in substance charges that the defendant caused and aided and assisted a woman, Edna Holmes, to be carried in interstate commerce from Baltimore, Md., to San Francisco, Cal., for the purpose of debauchery and for the immoral purpose of sexual intercourse in San Francisco, over the lines and routes of named Greyhound Lines.

Three errors are assigned: 1. Insufficiency of the evidence. 2. To permit use of memorandum by witness Edna Holmes to refresh her recollection. 3. Denying appellant's motion for a new trial. Assignments 1 and 3 will be considered together. There was no error as charged in the second assignment. The witness had shown herself hostile to the government which called her and testified contrary to statements made to the District Attorney a few days prior to her testimony before the grand jury, to the surprise of the United States Attorney. The United States Attorney then handed her a paper and asked her to look at it and which she had signed. Over the appellant's objection, this was permitted. She was then asked in substance whether she still adhered to the testimony given and then she made a different statement. The law of cotemporary writing or entry qualifying it as primary evidence has no application. The primary evidence here is not the writing. It was not introduced in evidence. It was not offered. The primary evidence is the oral statement of the hostile witness. It is not so important when the statement was made or by whom if it serves the purpose to refresh the mind and unfold the truth. This was in the nature of cross-examination in view of the hostile attitude of the witness, and in such a case much is necessarily left to the sound discretion of the trial judge. This case was tried by the judge and presumably he would consider only material and competent testimony. There was no conceivable error in this denial. The case of Hyde v. U. S., 225 U.S. 347, 32 S. Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614, is not in point and has no application. There letters not seen by the United States Attorney "until one day in Court" reference was made to them by a witness and "they were produced" to him "by Mr. Pugh," evidently a government investigator, who said they came into his "possession in the envelope taken from Secretary Hitchcock's safe some time after Mr. Burns severed his government connection with it." It was sought to show a person named had gone under an assumed name and defense intended to show that one reason was that his mail was being tampered with and leaves room for the government to contend that those letters have been in the dead letter office and have been opened there and might have come into the possession of the Secretary of the Interior or Mr. Burns honestly. "We offer this witness for the purpose of closing that gap and showing that necessarily some one must have committed a greater crime than is charged against these defendants, in robbing the mail." It is at once obvious that this case has no application in any sense. In such a case it is a generally recognized rule that such a witness may be confronted with his own writing. See citation in margin.[1]

In London Accident & Guarantee Co. v. Woelfle (C.C.A.) 83 F.(2d) 325, 332, 334, the statement was permitted to be partially read to the jury.

As to assignments 1 and 2 the testimony shows that the appellant and Edna Holmes had "gone together" for more than one year before appellant was mar-

[1] Hickory v. U. S., 151 U.S. 303–309, 14 S.Ct. 334, 38 L.Ed. 170; St. Clair v. U. S., 154 U.S. 134–150, 14 S.Ct. 1002, 38 L.Ed. 936; Randazzo v. U. S. (C.C.A.) 300 F. 794–797; Arine v. U. S. (C.C.A.) 10 F.(2d) 778–780; Schonfeld v. U. S. (C. C.A.) 277 F. 934–938, certiorari denied 258 U.S. 623, 42 S.Ct. 317, 66 L.Ed. 796; Di Carlo v. U. S. (C.C.A.) 6 F.(2d) 364; Sneed v. U. S. (C.C.A.) 298 F. 911, cert den. 265 U.S. 590, 44 S.Ct. 635, 68 L.Ed. 1195; Curtis v U. S. (C.C.A.) 67 F.(2d) 943–946; U. S. v. Lonardo (C.C.A.) 67 F. (2d) 883, 884; Bedell v. U. S., 63 App. D.C. 31, 68 F.(2d) 776.

412

ried. Appellant separated from his wife and appellant and Holmes resumed their relations several months before the time of this charge and practiced illicit sexual relations. The mother of Holmes chided her. She said her mother called her a prostitute and she determined to leave home; took some money from her father's and mother's savings; told appellant she was going to California—Los Angeles and San Francisco. Appellant said he was going to San Francisco and Los Angeles. Holmes went to Baltimore and appellant followed the next day. They engaged in illicit relations while at Baltimore. Appellant purchased the tickets. Holmes said she gave him the money and $50 to keep for her. They came overland by Greyhound Bus from Baltimore to Los Angeles and San Francisco. They continued their illicit sexual relations in San Francisco. When the money was expended she entered a house of prostitution periodically to supply funds.

Appellant, in his own behalf, and Holmes were the only witnesses. The trained eye of a trial judge with a trained mind in sifting the truth often discovers truth where the spoken word would suppress truth. The manner of testifying, the demeanor of the witnesses, the twitch of a muscle, the movement of a finger, or hand, or foot of the witnesses often speaks truth forcefully as against the uttered phrases. From the spoken word and observation of the witnesses the trial judge found the defendant guilty. There is substantial spoken evidence and the trial court's findings, this court cannot disturb.

Affirmed.