[Crim. No. 5991.   Second Dist., Div. One.   Nov. 12, 1957.]

THE PEOPLE, Respondent, v. LINDEN MORGAN DECKER, Appellant.

G. Vernon Brumbaugh for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction on two counts under the bookmaking statutes.

In an information in Los Angeles County, appellant was charged in count I with a violation of subdivision 1, section 337a, Penal Code (engaging in bookmaking upon the result of a horse race), and in another count with a violation of subdivision 6 of the same section (lay, make, offer and accept bets upon the result of a horse race). He was also charged with two prior felony convictions in New York with service of prison terms therefor. Appellant pleaded not guilty and denied the prior convictions. At the trial a jury was waived and the cause was submitted on the transcript of the preliminary hearing and the testimony of a police officer for the plaintiff. Appellant did not testify.

Appellant was found guilty of the charges. No evidence was introduced with reference to the prior convictions and the court struck the same. Proceedings were suspended and appellant was placed on probation for two years upon condition that he spend 60 days in jail and refrain from like activities in the future. Appellant was admitted to bail pending the appeal.

A substantial résumé of the pertinent facts is as follows: On January 24, 1957, Officer Deiro of the Los Angeles Police Department dialed a telephone call to the telephone numbered Capitol 5-2639 from the telephone numbered Madison 9-2098. The officer had previously received information from an informant that the Capitol 5-2639 number was being used for bookmaking purposes. The informant had given the officer information in the past which had resulted in arrests of suspects being held to answer in court. The officer ascertained from the telephone company that the telephone with the number Capitol 5-2639 was located at 3608 Griffin Avenue, Los Angeles.

The person answering the officer's call had a male voice. Deiro stated over the telephone, "This is Eddy for Vac, Madison 9-2098." The male voice repeated the telephone

number. Deiro inquired, "Do you have the results of the Fifth?" The male voice stated, "No, I don't have the results. I will have them call you." The officer then hung up. Until the telephone talk the officer had never heard the answering male voice, but he did hear the appellant's voice after the arrest and recognized appellant's voice as being the voice he had heard in the telephone conversation. About three minutes after the officer hung up, the telephone numbered Madison 9-2098 rang and Deiro answered. An unknown male voice said, "Hello," and Deiro said, "This is Eddy for Vac." The male voice said, "Is this Vac?" and the officer replied, "No, this is Eddy; I am calling for Vac." The male voice then said, "Did he give you the number?" and the officer replied, "Yes." The male voice then stated, "O.K., what do you have?" Officer Deiro replied, "In the 6th Nearly, 2 to win." The male voice said, "That is scratched." The officer then stated, "OK, then in the 7th give me Spike; in the 8th Wireline; make that a $2 win parley." The voice repeated the officer's statement and then said, "Thank you," and hung up. The officer had learned that there was a horse named "Nearly" which was to have run in the sixth race at Santa Anita but was scratched, a horse named "Spike" running in the seventh race, and a horse named "Wireline" running in the eighth race.

Deiro dialed the telephone numbered Capitol 5-2639 a second time. The same male voice as before answered the telephone. Deiro said, "This is Eddy for Vac again. My horse in the 6th was scratched. I have got another one I want to bet. Have them call me right back." The male voice stated, "I gave them your number; haven't they called you yet?" The officer replied, "Yes, but the horse I wanted was scratched and I want them to call me back at the same number." The male voice answered, "O.K." About four minutes later the telephone numbered Madison 9-2098 rang and the officer answered it. Deiro said, "This is Eddy for Vac again. In the 6th give me Sudden Shock, 2 to win." The male voice repeated the offer or wager and said, "O.K." Deiro had ascertained that there was a horse named "Sudden Shock" running in the sixth race at Santa Anita. Deiro further testified that he was familiar with the ways and means of bookmaking in Los Angeles County, and he described what the terms and words used in the telephone talks meant. He also stated that one means of bookmaking is through an operation known as a "call back" in which system the bettor telephones a given

telephone number, known as a "call back spot." The bettor gives his own telephone number and identification to the person at the "call back spot." There is an office where records are kept, and this office then telephones the "call back spot" and receives the telephone numbers and identification left there. This office then telephones the bettors and accepts their wagers.

Officer Hand of the same police department was in the vicinity of 3608 South Griffin Street. Deiro contacted Hand by the police radio system, and in response to that call Hand and two other officers went to the front door of 3608 South Griffin. Hand knocked on the front door and stated, "Police officers, you are under arrest for bookmaking." There was no response at the door, and having waited a short time and having heard the sounds of running in the house and of a toilet flushing, Officers Hand and Jordan kicked open the back door and entered. Appellant was found in the bathroom and was asked what he was hiding there, and he replied, "I just got here. I just walked in the door, just two or three minutes before you knocked." Officer Hand informed appellant that he had been stationed outside of the house on the street for about 30 minutes and that he had not seen anyone enter or leave the place, and therefore it was impossible for appellant to have arrived just five minutes before. The officer again asked appellant what time he had arrived, and appellant did not answer. At about this time the telephone rang and Hand answered it. A male voice stated, "This is Dock for Larry, Capitol 2-0057," and the phone was then hung up. Hand called Deiro and Deiro then called the number Capitol 2-0057. An unknown male voice answered and stated, "This is Dock, in the 6th give me Wireline 2 to win and 2 to place." Other wagers similar in type were given. Hand found a magazine near the telephone in the house with the numbers 9-2098 written on it. The appellant was searched and two keys were found on his person. Hand tried one of the keys and found that it worked the front door, and the appellant stated the other key fitted the back door.

Appellant contends that (1) the trial court considered hearsay evidence which was admitted to show probable cause for the entry and the arrest, although the appellant raised no issue as to probable cause; (2) the trial court considered hearsay evidence upon the issue in chief, over objection, and (3) the evidence was insufficient to sustain the verdict.

■ Apparently it is appellant's belief that the testimony

of the officer concerning probable cause for the arrest of appellant should not have been received because at the preliminary hearing the appellant failed to contend that there was no probable cause for his arrest. In other words, it is appellant's contention that only when the defendant raises the issue of probable cause may a committing magistrate receive such evidence. Appellant relies upon *People* v. *Boyles,* 45 Cal. 2d 652 [290 P.2d 535], as authority for his position. In the Boyles case the officers obtained a key to a hotel room from the manager of the hotel. They entered the room and waited until the defendant knocked on the door, at which time the officers opened the door and grabbed the defendant's hand in which there were two bindles of heroin. At the preliminary hearing the officer testified he thought that a felony was being committed at the time of the arrest. The prosecuting attorney asked what reason he had for the belief and the defendant objected upon the ground that the answer would be hearsay and a conclusion. The court sustained the objection. The defendant's motion under section 995, Penal Code, was granted. The Supreme Court held, among other things, that the defendant having successfully prevented the prosecution from presenting any evidence as to what information the officer had obtained from others, the defendant could not then contend the evidence was necessarily illegally obtained, and reversed the order granting the motion under section 995. There is nothing in the Boyles case to sustain appellant's contention. We believe the evidence as to probable cause was properly received by the magistrate in the instant case.

▇ Appellant next asserts that the trial court considered the hearsay evidence introduced to establish probable cause on the main case. The record does not disclose anything from which such an assertion could be made. It is presumed that the trial court considered only that matter which was relevant and competent, and considered that only for purposes for which it was legally admissible. (*People* v. *Powell,* 34 Cal.2d 196, 204-205 [208 P.2d 974]; *People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480]; *People* v. *Sisson,* 31 Cal.App.2d 92, 98 [87 P.2d 420]; *Pasadena Research Laboratories* v. *United States,* 169 F.2d 375, 385; *Hoffman* v. *United States,* 87 F.2d 410, 411.)

▇ The appellant must have known the allegedly inadmissible evidence was in the transcript of the preliminary hearing when he stipulated that the cause should be submitted thereon to the trial judge. There was no motion of the ap-

pellant to strike any such testimony from the transcript, nor does the record disclose any request of the appellant that the trial judge make rulings upon any of the appellant's objections made at the preliminary hearing. Under such circumstances, it would appear that the appellant invited what is now claimed to be error, and should not be heard to complain. (*People* v. *Suggs,* 142 Cal.App.2d 142, 145 [297 P.2d 1039] ; *People* v. *Rhodes,* 137 Cal.App. 385, 392 [30 P.2d 1026].)

The résumé of the evidence heretofore set forth discloses that there were two sets of telephone calls, that is, two calls which Deiro made to the telephone numbered Capitol 52639, when he spoke to appellant, and two calls Deiro received at the telephone numbered Madison 92098, from an unknown male voice. The prosecution attempted to show, and we think as did the trial court, that they did show beyond reasonable doubt that appellant was assisted by unknown accomplices, was illegally accepting wagers and purported wagers over the telephone. The fact that the words of wager were spoken in an offer and were accepted by either appellant or his accomplice was the very fact in issue. ■ The rule is stated in *People* v. *Henry,* 86 Cal.App.2d 785, at page 789 [195 P.2d 478] :

". . . There is a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said or done and not as to whether these things were true or false, and in these cases the words or acts are admissible not as hearsay, but as original evidence. . . ."

■ The circumstances of this case disclose a very real connection between the various calls made and received. The trial court could well have had in mind the language in the case of *People* v. *Allen,* 113 Cal.App.2d 593, at page 596 [248 P.2d 474], where it is said:

"Appellant violated the law not by taking bets from those who telephoned her relay spot, but by aiding the bookmaker to contact his patron. By giving such aid, the proprietor or keeper of the relay spot becomes a principal in violating the statute."

The judgment of conviction is affirmed.

White, P. J., and Drapeau, J.,* concurred.

*Assigned by Chairman of Judicial Council.