Art JOHNSTON, Appellant,

v.

Hugh E. EARLE, Walter B. Shanks, Irwin Borthick and Irving H. Curran, Appellees.

No. 17715.

United States Court of Appeals Ninth Circuit.

Dec. 13, 1962.

Rehearing Denied Jan. 29, 1963.

See also 162 F.Supp. 149.

Warde H. Erwin, Portland, Or., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, David I. Granger and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Donal D. Sullivan and Edward J. Georgeff, Asst. U. S. Attys., Portland, Or., for appellees.

Before MAGRUDER, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

This is a civil action for conversion of a tractor. The action was filed in the Circuit Court of the State of Oregon for the County of Multnomah, but was removed to the United States District Court since at the time of the alleged tort the appellees (defendants below) were employees of the Internal Revenue Service. See 28 U.S.C.A. § 1442(a) (1).

The case was tried to the court sitting without a jury. Appellees contended that the action was barred by the statute of limitations. This turned upon whether the conversion occurred on July 1, 1948, or on July 2, 1948 or thereafter. The court found "from a preponderance of all of the evidence in the case that on July 1, 1948 * * * [the appellees] located the tractor near Colton, Clackamas County, Oregon, and made a levy upon that tractor pursuant to the aforesaid warrant for distraint, placed seizure tags thereon and, to insure that it would not be moved, removed the carburetor and crank extension." The court further found that on July 2, 1948, two of the appellees returned, loaded the tractor on carrying equipment, and removed it. The court concluded that the action was barred.

■■ The court's finding that the conversion occurred on July 1st was sound in law and supported by substantial evidence. Appellant was effectively deprived of the essential advantages of possession (and his cause of action for conversion therefore accrued) when appellees affixed the notice of seizure and immobilized the tractor by removing its carburetor and crank extension, even though the tractor was not carried away until the following day. See Restatement, Torts §§ 221–23, and comment "c" to § 221(a) (1934); Prosser, Torts § 15 at 71 and n. 71 (2d ed. 1955). As appellant points out, there was a direct conflict in the testimony as to the date upon which these acts of conversion occurred, and the testimony of an important defense witness was internally inconsistent (the witness referred to the date both as July 1st and as Friday, although July 1, 1948 fell on a Thursday). But it is the function of the trier of fact to resolve just such conflicts and ambigu-

ities, and we are satisfied upon a reading of the whole record that the finding of the District Court that the seizure occurred on July 1, 1948 was not clearly erroneous.

 One of the witnesses testified that after examining certain notes to refresh his recollection he remembered that the events occurred on Thursday. He testified, "The only way I can say the day would be July 1st" was from the notes themselves. Appellant contends that the testimony should have been stricken because the notes to which the witness referred were not made by the witness, were only copies of original notes previously destroyed, and assertedly contained matter inconsistent with the witness's testimony.

Since after the attempt to refresh his recollection the witness still had no independent recollection of the date, his testimony that the date was July 1st was not admissible. However, his testimony that the events occurred on Thursday was based upon his own memory, and it was not rendered inadmissible by the nature of the notes which he examined to refresh his recollection. The federal rule recognizes few if any limitations upon the kind of material that may be used to refresh recollection, as distinguished from that which may be offered as a "record of past recollection" in proof of the facts recited. See Jewett v. United States, 15 F.2d 955 (9th Cir., 1926); Hoffman v. United States, 87 F.2d 410, 411 (9th Cir., 1937). We need not inquire whether, as appellant suggests, the rule followed in the Oregon courts is to the contrary. See Rule 43(a), Fed.R. Civ.P. Although this witness' testimony as to the date should have been stricken, the error was harmless in view of the same witness's admissible testimony that the critical events occurred on Thursday for, as we have said, the Thursday in question was in fact July 1st.

Affirmed.