479 P.2d 424

**STATE of Arizona, Appellee,**

v.

**Wilbert Martin JOHNSON, Appellant.**

**No. 2062.**

Supreme Court of Arizona,
In Division.

Jan. 14, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

Defendant Wilbert Martin Johnson was informed against, tried by jury, and convicted of the crime of robbery. From the judgment of conviction and sentence he appeals.

■ The defendant first urges that the trial court committed error in permitting cross-examination of defendant's alibi witness, service station manager Ray Hawkins, to show that the witness was presently in the city jail on a drunk driving charge and that he had numerous arrests by the Phoenix Police Department. Such evidence was improper.

The question of the witness' current incarceration in the city jail falls squarely within the principles announced in State v. Loftis, 89 Ariz. 403 at 405, 363 P.2d 585 at 586. There, we said:

"The fact that he was in jail, without more, would not be proper impeachment. On cross-examination one may be impeached by showing that he was convicted of a felony, not too remote in time, but not by bad acts in general or that he has merely been charged with a crime."

■ By a long line of decisions, this Court has held a witness may not be impeached by specific acts of misconduct not amounting to a conviction for a felony. State v. Miranda, 104 Ariz. 174 at 186, 450 P.2d 364 at 376. ("Under our law, it is not proper to thus impeach by previous instances of misconduct.") ; State v. Enriquez, 102 Ariz. 402 at 405, 430 P.2d 422 at 425. ("It is well settled that a defendant may be impeached on cross-examination by showing that he has been convicted of a felony, but not by showing bad acts in general.") ; State v. Gallegos, 99 Ariz. 168 at 171, 407 P.2d 752 at 754. ("It has long been the rule that a witness may not be impeached by specific acts of misconduct not amounting to conviction for a felony.") ; State v. Reyes, 99 Ariz. 257 at 261, 408 P.2d 400 at 402. ("The rule is well settled in Arizona that a witness may not be impeached by showing specific acts for which he has not received a felony conviction.") ; State v. Johnson, 94 Ariz. 303 at 305, 383 P.2d 862 at 863. ("It has long been settled in this state that a witness cannot be impeached by showing specific acts of misconduct not amounting to a felony conviction.") ; State v. Polan, 78 Ariz. 253, 278 P.2d 432; State v. Singleton, 66 Ariz. 49, 189 P.2d 920; State v. Peters, 60 Ariz. 102, 131 P.2d 814. The reason for the rule is well stated in State v. Harris, 73 Ariz. 138 at 142, 238 P.2d 957 at 959:

"The reason given by the courts for this limitation is that this is a collateral matter and if allowed it would be time-consuming and a confusion of the issues. Another good reason is the protection of the witness. He should not be expected to come prepared to defend every incident of his past life but only to meet those felonious acts of which he has been convicted. If a witness knew that he would have all his alleged misdeeds made public and be open to false accusations as to others, from which he

would not be permitted to defend or explain, he would dread the witness box and be reluctant to appear and give testimony freely."

The State argues that evidence of the former arrests of Hawkins and his incarceration in jail was properly shown because it was likely that he would be hostile to the police and, therefore, he would be prejudiced in favor of the defendant. But we do not think this is a permissible inference. The rule in Arizona is that in order to draw an inference from an inference, the first inference must be established to the exclusion of any other reasonable theory rather than being a probability. Buzard v. Griffin, 89 Ariz. 42, 46, 358 P. 2d 155; New York Life Insurance Co. v. McNeely, 52 Ariz. 181, 79 P.2d 948.

The defendant complains that the court repeated the same error in modifying the Maricopa County Recommended Jury Instruction for Criminal Cases No. 5.10 by changing the word "felony" in the instruction to "crime," so as to read:

"The fact that a witness or a party has been convicted of a *crime*, if such be a fact, may be considered by you only for the purpose of determining the credibility of that witness or that party. The fact of a conviction does not necessarily destroy or impair the witnesses or parties credibility. It is one of the circumstances that you make take into consideration in weighing the testimony of a witness or a party."

Obviously defendant is correct. The instruction compounds the court's error in permitting the prosecution to examine into petty offenses and arrests because it tells the jury that it may use such evidence to discredit the witness.

Defendant complains that it was improper impeachment for the prosecution to ask if one of defendant's witnesses was an alcoholic and whether he was a member of Alcoholics Anonymous. Here again the examination was improper. The principle has been recently restated by the New York Supreme Court, Appellate Division, in Del Toro v. Carroll, 33 A.D.2d 160, 306 N. Y.S.2d 95 at 100 (1969):

"It has been said upon the general subject of testimonial impeachment that 'a general habit of intemperance tells us nothing of the witness' testimonial incapacity except as it indicates actual intoxication at the time of the event observed or the time of testifying; and hence, since in its bearing upon moral character it does not involve the veracity-trait * * * it will usually not be admissible' (3 Wigmore on Evidence § 933, p. 481 (3d ed. 1940))."

See also, People v. Stanley, 206 Cal.App. 2d 795, 24 Cal.Rptr. 128; State v. Brown, 360 Mo. 104, 227 S.W.2d 646 at 649; State v. Milosovich, 42 Nev. 263, 175 P. 139 at 141.

Defendant finally complains that the trial court improperly prevented his wife from testifying to a telephone conversation she had with an alibi witness by which the time of the offense was fixed in witness' memory. The testimony was not offered to prove the truth of contents of the wife's statement.

As to this, the hearsay rule excludes extrajudicial utterances only when offered for a special purpose as assertions to evidence the truth of the matter asserted. 6 Wigmore on Evidence § 1766, p. 178 (3d ed. 1940). Telephone conversations inadmissible to prove the truth of what they assert may be admitted if the fact of the assertion is in itself relevant irrespective of its truth. *See e. g.,* Enriquez v. United States, 188 F.2d 313 (9th Cir.); People v. Decker, 155 Cal.App.2d 165, 317 P.2d 135; People v. Jackson, 64 Ill.App.2d 217, 211 N.E.2d 610; Stickney v. State, 169 Tex. Cr.R. 533, 336 S.W.2d 133, cert. den. 363 U.S. 807, 80 S.Ct. 1245, 4 L.Ed.2d 1151.

Reversed and remanded for a new trial.

HAYS, V. C. J., and UDALL, J., concur.