[No. B112055. Second Dist., Div. Five. Feb. 27, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ELLIOT LAMBERT FIELDS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II(D).

COUNSEL

Linda Casey Mackey, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert F. Katz and Jason C. Tran, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

Defendant, Elliot Lambert Fields, appeals after he was convicted of selling cocaine (Health & Saf. Code, § 11352) and found to have been convicted previously of five serious felonies. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) In the published portion of the opinion, we discuss defendant's contentions of first impression, whether: testimony concerning a telephone number on defendant's pager was hearsay evidence; there was sufficient foundation to permit evidence concerning a telephone number to be

presented to the jury; and an experienced narcotics detective would testify concerning a code of defendant's pager. We reject these contentions concerning defendant's pager as well as that discussed in the unpublished portion of the opinion and affirm the judgment.

## II. DISCUSSION

### A. *The Telephone Number on Defendant's Pager Was Not Hearsay*

Defendant argues that testimony concerning a telephone number appearing on the pager in his possession was inadmissible hearsay. At the time of his arrest, defendant was found in possession of pager which displayed a telephone number. Over defense objection, the trial court permitted a detective to testify as to the telephone number displayed on defendant's pager. The facts leading up to the testimony concerning the telephone number displayed on defendant's pager were as follows. Two undercover Pasadena Police Department investigators approached a cocaine dealer named Myron McClain. Mr. McClain, not knowing he was dealing with police officers, agreed to assist the undercover investigators in the purchase of rock cocaine. Mr. McClain stated that it would be necessary to make a telephone call. An undercover investigator described Mr. McClain's statements as follows: "He told me that he was going to have to call a friend of his, and he had to use the pay phone at the market." Mr. McClain and the undercover investigators agreed to meet at a nearby store parking lot. Mr. McClain was given money to use for the pay phone by one of the investigators. Because the pay phone was being used, Mr. McClain decided to go to a nearby parking lot adjacent to a gas station in an effort to make the telephone call. As will be noted, it was the number for the public telephone in the parking lot next to the gas station that ultimately appeared on defendant's pager.

After arriving at the gas station parking lot, Mr. McClain placed a telephone call. He thereafter hung up the telephone. After he hung up, the telephone rang and Mr. McClain answered it. Mr. McClain spoke during the second telephone conversation which lasted less than "a minute or so." Mr. McClain then approached the undercover investigators. Mr. McClain stated that a friend was "on the way." Mr. McClain indicated he needed "the money." Mr. McClain was given $20 by an undercover investigator. Mr. McClain then walked away from the two undercover investigators with whom he had negotiated the narcotics transaction.

While all of this was occurring, Mr. McClain and the two undercover investigators were being watched by other Pasadena Police Department

narcotics detectives. After he walked away from the two detectives, Mr. McClain met with another individual. The two men later met with the occupants of a gray Honda. This meeting occurred within several blocks of the waiting detectives who had negotiated the sale of the contraband with Mr. McClain. Mr. McClain was handed an "object" by the passenger in the gray Honda. Defendant was the passenger in the gray Honda. Mr. McClain then returned to the two undercover investigators who had negotiated the agreement to purchase the crack cocaine from him. He thereupon handed the waiting investigators some crack cocaine.

After the completion of the transaction, other Pasadena officers stopped the gray Honda in which defendant was a passenger. A substantial amount of cash, $179, was discovered when defendant was searched. One of the $20 bills was given to Mr. McClain by one of the undercover investigators. Additionally, in his waistband was a pager. A Pasadena police officer made a record of each of the phone numbers on defendant's pager. One of the numbers matched that of the pay telephone in the parking lot adjacent to the gas station used by Mr. McClain after he agreed to secure crack cocaine for the two undercover investigators.

Defendant argues that the testimony concerning the number that appeared on defendant's pager constituted inadmissible hearsay. The number was for the telephone in the parking lot adjacent to the gas station used by Mr. McClain to make the phone call. Shortly after that call was completed, the same telephone in the parking lot adjacent to the gas station rang and Mr. McClain spoke with the caller. Thereafter, the crack cocaine was delivered to Mr. McClain. It is argued that the phone number displayed on the pager was circumstantial evidence defendant had called Mr. McClain back at the telephone in the parking lot adjacent to the gas station and, hence, constituted inadmissible hearsay.[1]

In reviewing the trial court's order overruling the hearsay objection, we apply the deferential abuse of discretion standard of review. (*People* v. *Edwards* (1991) 54 Cal.3d 787, 820 [1 Cal.Rptr.2d 696, 819 P.2d 436]; *People* v. *Frierson* (1991) 53 Cal.3d 730, 744-745 [280 Cal.Rptr. 440, 808 P.2d 1197]; *People* v. *Tahl* (1967) 65 Cal.2d 719, 725 [56 Cal.Rptr. 318, 423 P.2d 246]; cf. *People* v. *Mayfield* (1996) 14 Cal.4th 668, 740-741 [60 Cal.Rptr.2d 1, 928 P.2d 485].) We agree with the Attorney General that the phone number of the public telephone in the parking lot adjacent to the gas station used by Mr. McClain which appeared on defendant's pager was not

---

[1]We need not address the contention of the Attorney General that even if the numbers on defendant's pager were hearsay, they are admissible as a declaration made in furtherance of a conspiracy within the meaning of Evidence Code section 1223.

hearsay. Evidence Code section 1200, subdivision (a) defines hearsay as follows: " 'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." The word "statement" is defined in Evidence Code section 225 in the following manner: " 'Statement' means (a) oral or written verbal expression or (b) nonverbal conduct of a person intended by him as a substitute for oral or written verbal expression." The Law Revision Commission comment to Evidence Code section 1200 describes the extent of the hearsay rule and the definition of the term statement as follows: " 'Hearsay evidence' is defined in Section 1200 as 'evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated.' Under this definition, as under existing case law, a statement that is offered for some purpose other than to prove the fact stated therein is not hearsay. Smith v. Whittier, 95 Cal. 279 . . . (1892). See Witkin, California Evidence §§ 215-218 (1958). [¶] The word 'statement' used in the definition of 'hearsay evidence' is defined in Section 225 as 'oral or written verbal expression' or 'nonverbal conduct . . . intended . . . as a substitute for oral or written verbal expression.' Hence, evidence of a person's conduct out of court is not inadmissible under the hearsay rule expressed in Section 1200 unless that conduct is clearly assertive in character. Nonassertive conduct is not hearsay." (Cal. Law Revision Com. com., Deering's Ann. Evid. Code (1986 ed.) § 1200, p. 339.) At another point, the comment notes: "Under the Evidence Code, nonassertive conduct is not regarded as hearsay for two reasons. First, one of the principal reasons for the hearsay rule—to exclude declarations where the veracity of the declarant cannot be tested by cross-examination—does not apply because such conduct, being nonassertive, does not involve the veracity of the declarant. Second, there is frequently a guarantee of the trustworthiness of the inference to be drawn from such nonassertive conduct because the actor has based his actions on the correctness of his belief, i.e., his actions speak louder than words." (*Id.*, p. 340; e.g., *People* v. *Snow* (1987) 44 Cal.3d 216, 227-228 [242 Cal.Rptr. 477, 746 P.2d 452] [the defendant's passive response to news of the decedent's death constituted nonassertive conduct and outside the scope of hearsay rule].)

Similar nonassertive conduct has been described in varying ways by commentators. One commentator describes this form of evidence as follows: "A declarant's statement may become relevant on some issue in a case merely because the words were spoken or written, and irrespective of the truth or falsity of any assertions contained in the statement. If a fact in controversy is whether certain words were spoken or written and not whether the words were true, evidence that these words were spoken or written is admissible as nonhearsay evidence." (1 Jefferson, Cal. Evidence

Benchbook (3d ed. 1997) Hearsay and Nonhearsay Evidence, § 1.45, p. 31.) Often, such evidence is referred to as " 'operative facts.' " (1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 588, p. 562; e.g., *Kunec* v. *Brea Redevelopment* Agency (1997) 55 Cal.App.4th 511, 524 [64 Cal.Rptr.2d 143] [redevelopment agency minutes as to conflict of interest not hearsay]; *People* v. *Dell* (1991) 232 Cal.App.3d 248, 258 [283 Cal.Rptr. 361] [statements by prostitutes to undercover vice officers were operative facts and not hearsay]; *People* v. *Burnham* (1996) 176 Cal.App.3d 1134, 1144, fn. 10 [222 Cal.Rptr. 630] ["Proof of the victim's consent by her out-of-court statement indicating consent is admissible, under the prevailing theory, as a nonhearsay 'operative fact.' "]; *Zumwalt* v. *Trustees of Cal. State Colleges* (1973) 33 Cal.App.3d 665, 679, fn. 13 [109 Cal.Rptr. 344] ["[Newspaper publicity] was not offered for a hearsay purpose but as circumstantial evidence of wide notoriety harmful to [the plaintiff's] reputation."].) As originally articulated, the operative fact doctrine was as follows: " 'There is a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said or done and not as to whether these things were true or false, and in these cases the words or acts are admissible not as hearsay, but as original evidence.' (*People* v. *Henry* (1948) 86 Cal.App.2d 785, 789 . . . ; see also *People* v. *Rosson* [(1962)] 202 Cal.App.2d 480, 486-487.) In these situations, the words themselves, written or oral, are 'operative facts,' and an issue in the case is whether they were uttered or written. (*People* v. *Rosson, supra.*)" (*Am-Cal Investment Co.* v. *Sharlyn Estates, Inc.* (1967) 255 Cal.App.2d 526, 541 [63 Cal.Rptr. 518].)

Defendant's possession of a pager which displayed the number for the telephone in the parking lot adjacent to the gas station utilized by Mr. McClain is nonassertive conduct admissible either because it is evidence of a relationship or indicative of the purpose for which it was used. This is illustrated by decisional authority in related situations. For example, in terms of evidence of a relationship, in *People* v. *Price* (1991) 1 Cal.4th 324, 437 [3 Cal.Rptr.2d 106, 821 P.2d 610], the California Supreme Court held a letter between two members of the same prison gang was admissible not for the truth of its contents, why the victim was killed and what had occurred in Folsom prison, but rather to show ". . . the author and the intended recipient were members of an existing organization." In *Rogers* v. *Whitson* (1964) 228 Cal.App.2d 662, 675 [39 Cal.Rptr. 849], a decision cited with approval in *People* v. *Price, supra,* 1 Cal.4th at page 437, the Court of Appeal held that certain construction bills were admissible "as evidence of the relationship of owner and independent contractor between defendant and [a person] and not as proof for the truth of the matters stated therein." In *People* v. *Decker* (1957) 155 Cal.App.2d 165, 170 [317 P.2d 135], another opinion cited in

*People* v. *Price, supra,* 1 Cal.4th at page 437, there was testimony that persons at a particular telephone number were using words associated with bookmaking. The Court of Appeal held that the declarants' statements were " 'a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said or done and not as to whether these things were true or false . . . .' " (*People* v. *Decker, supra,* 155 Cal.App.2d at p. 170.)

Further, declarants' statements may be admissible to show the purpose for which an instrumentality is used. In *People* v. *Fischer* (1957) 49 Cal.2d 442, 447 [317 P.2d 967], the Supreme Court held that conversations between vice officers and callers at the defendant's residence were admissible. The Supreme Court held: "It is pertinent to observe that in the case of a bookmaker the telephone is usually an indispensable facility for the extension and safe operation of his business. It constituted a means by which bets might be placed with the defendant. These conversations came in the midst of the occurrences concerning the defendant at the time of his arrest. They were admitted for the purpose of proving the use to which the telephone was being used. The use of the room occupied by the defendant was in issue and the nature of the telephonic call was a circumstance to establish that fact. [Citations.]" (*Ibid.*) Other decisions are in accord in the bookmaking (*People* v. *Nealy* (1991) 228 Cal.App.3d 447, 451 [279 Cal.Rptr. 36]; *People* v. *Harris* (1978) 85 Cal.App.3d 954, 958 [149 Cal.Rptr. 860]; *People* v. *Warner* (1969) 270 Cal.App.2d 900, 907 [76 Cal.Rptr. 160]) and narcotics enforcement contexts. (*People* v. *Bullock* (1990) 226 Cal.App.3d 380, 389-390 [277 Cal.Rptr. 63].)

The foregoing authority is dispositive of defendant's hearsay contention in the present case. The fact his pager contained the number for the telephone in the parking lot adjacent to the gas station used by Mr. McClain to secure the cocaine was circumstantial evidence of a relationship. That relationship was between defendant, a drug trafficker, and Mr. McClain, who actually supplied the contraband to the two undercover investigators. Further, the number was circumstantial evidence of the purpose for which the pager was used—to facilitate supplying crack cocaine to Mr. McClain, a drug dealer. The trial court did not abuse its discretion in overruling the hearsay objection of defense counsel.

B.   *The Foundation for the Admissibility of the Telephone Number*

█   Defendant argues that there was insufficient evidence the pager actually reflected the number of the telephone used by Mr. McClain. The telephone call from Mr. McClain in the parking lot was placed on September

4, 1996. However, a detective did not determine the number of the telephone used by Mr. McClain until March 5, 1997. Defendant reasons then that, because no testimony was offered as to the number of the telephone on September 4, 1996, exclusion of this evidence was compelled pursuant to Evidence Code section 352. We examine this contention utilizing the deferential abuse of discretion standard of review. (*People* v. *Williams* (1997) 16 Cal.4th 153, 213 [66 Cal.Rptr.2d 123, 940 P.2d 710]; *People* v. *Lucas* (1995) 12 Cal.4th 415, 449 [48 Cal.Rptr.2d 525, 907 P.2d 373].) The trial court did not abuse its discretion in allowing the detective to testify as to the telephone number on March 5, 1997. There was no evidence the telephone number changed. Moreover, common sense suggests that the number did not change. After all, Mr. McClain used the pay phone adjacent to the gas station parking lot. Mr. McClain appeared to input a number into the public telephone in the gas station parking lot. Shortly thereafter, a telephone call was received by Mr. McClain. That number appeared on defendant's pager. Sufficient foundational facts were present so as to allow the trial court to permit the jury to determine whether this was just a big coincidence or compelling evidence of guilt. (*People* v. *Memro* (1995) 11 Cal.4th 786, 828 [47 Cal.Rptr.2d 219, 905 P.2d 1305]; *People* v. *Champion* (1995) 9 Cal.4th 879, 922-923 [39 Cal.Rptr.2d 547, 891 P.2d 93].)

### C. Opinion Testimony Concerning the Code Displayed on the Pager

Defendant argues that a detective's testimony concerning a two-digit code on the pager was inadmissible. Defendant's pager had the telephone number of the public phone used by Mr. McClain which was followed by " 'dash 35.' " There was testimony that the reference to " 'dash 35' " was a code used by "more sophisticated street level drug sellers" to identify the caller to a supplier. Defendant argues this testimony denied him his right to a fair trial and was inadmissible speculative evidence. To begin with, we agree with the Attorney General that defendant has waived all of his fair trial contentions because they were not presented in the trial court. (*People* v. *Rowland* (1992) 4 Cal.4th 238, 265, fn. 4, 267, fn. 5 [14 Cal.Rptr.2d 377, 841 P.2d 897]; *People* v. *Raley* (1992) 2 Cal.4th 870, 892 [8 Cal.Rptr.2d 678, 830 P.2d 712].) We examine the contention the detective did not have sufficient expertise to offer a nonspeculatory opinion on this subject utilizing the deferential abuse of discretion standard of review. (*People* v. *Mayfield*, *supra*, 14 Cal.4th 668, 766 [60 Cal.Rptr.2d 1, 928 P.2d 485]; *People* v. *Chavez* (1985) 39 Cal.3d 823, 828 [218 Cal.Rptr. 49, 705 P.2d 372].) No abuse of discretion occurred. The detective was an experienced narcotics investigator and his opinion was limited to an explanation as to the number on the pager. (*People* v. *Williams* (1988) 44 Cal.3d 883, 914 [245 Cal.Rptr. 336, 751 P.2d 395]; *People* v. *Lopez* (1994) 21 Cal.App.4th 1551, 1556 [26 Cal.Rptr.2d 741].)

### D. *Sufficiency of the Evidence*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. DISPOSITION

The judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

---

\*See footnote, *ante*, page 1063.